Mr. Justice ThacheR
delivered the opinion of the court.
A motion was made in the circuit court of Copiah county, to appropriate money made by executions.
Parties had obtained judgments against the same defendant, in Copiah county circuit court, at the same term, and the judgment of the plaintiffs in error was first entered upon the minutes of that court. James Andrews, one of the judgment creditors, issped his execution into Claiborne county, on the 6th day of May, 1841, which was received by the sheriff of that county, and levied on the property sold, on the 10th day of the same month. The plaintiffs in error, being also judgment creditors, issued their execution into Claiborne county, on the 17th day of May, 1841, which was received by the sheriff of that county, and levied on the property sold, on the 25th day of the same month. The court below ordered the amount levied to be applied to the first named execution, that, to wit, of James Andrews.
The case of Smith & Pickett v. Ship, 1 How. R. 234, is not applicable to the circumstances of this case. We must view it by examining the position and effect of the executions, upon their action in Claiborne county. The act of February 6, 1841, regulating “ the liens of judgments and decrees,” forbids any judgment liens to operate upon the property of a defendant, situated out of the county in which the judgment was rendered, until there be filed with the clerk of the circuit court of su'ch county an abstract of the judgment. The record does not show that this was done in either of the judgments mentioned in this case. It follows, therefore, that the execution which first came to the hands, and was first levied by the sheriff of Claiborne county, attained a priority by execution lien upon the property seized.
The judgment of the court below is affirmed.